The Honorable Arthur Carter State Representative 301 Mountain Street Berryville, Arkansas 72616
Dear Representative Carter:
This is in response to your request for an opinion concerning Act 281 of 1991, which pertains to the collection of suburban improvement district taxes. You note that the new act makes payment of suburban improvement district assessments a prerequisite for paying ad valorem real property taxes. You also note, however, that legislation was passed in 1985 which allowed suburban improvement districts to collect their own assessments. Your question is whether the new act now requires the collector to collect the suburban improvement district assessments, and whether the district itself can no longer collect their own assessments, or whether the district can still collect their own assessments, but just not the delinquent assessments.
It is my opinion that a suburban improvement district, if it meets the requirements of A.C.A. § 14-92-601, may continue to collect its own assessments, including delinquent assessments.
Act 281 of 1991 amended existing statutes which provided for the extension, on the county tax books, of suburban improvement district taxes. Former law provided that "[n]o property owner shall be required to pay the improvement taxes . . . as a prerequisite to paying his general taxes." A.C.A. § 14-92-230(d). The new act amended this section to provide just the opposite. Property owners are now required to pay their suburban improvement district assesssments prior to paying their general taxes. Additionally, the new act amended A.C.A. § 14-92-232 to provide that the suburban improvement taxes are payable at the same time as ad valorem real property taxes, and that if the taxes are delinquent, they shall, if not redeemed, be certified to the Commissioner of State Lands for redemption or sale.[1]
The 1985 legislation you reference is codified at A.C.A. §14-92-601 et seq. It provides that "eligible districts" may elect to collect their own taxes, instead of having the county officials collect them according to A.C.A. § 14-92-228 to -239. Additionally, authority is given to the districts to collect their own delinquent taxes. A.C.A. § 14-92-603(a).
The answer to your first question, (whether the collector is now required to collect the suburban improvement district assessments) is "yes," unless the district is an eligible district under A.C.A. § 14-92-601, and has elected to collect its own taxes. It is my opinion, additionally, that "eligible districts" under A.C.A. § 14-92-601 may continue to collect both their current and delinquent assessments or either, as the board elects.[2]
The crux of your question is whether Act 281 of 1991 in any way repeals the provisions of A.C.A. § 14-92-601 et seq., which allows districts to collect their own assessments. It is my opinion that it does not. Although Act 281, in section 5, states that all laws in conflict with Act 281 are repealed, it is my opinion that A.C.A. § 14-92-601 et seq. is not in conflict with the new act. See generally, John B. May Co., v.McCastlain, 244 Ark. 495, 426 S.W.2d 158 (1968). The new act simply provides more effective collection measures for districts whose taxes are collected by the county officials under §14-92-228 et seq. It cannot be inferred from these amendments that the legislature intended to eliminate an entirely separate subchapter giving suburban improvement districts the option to collect their own taxes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] The former provision provided for sale at the county collector's sale. That sale abolished by earlier separate legislation.
[2] If a district opts to collect its own assessments under A.C.A. § 14-92-601 et seq., the assessments will not be subject to the provisions of A.C.A. § 14-92-230 or 232; that is, they are not required to be paid prior to the payment of general taxes, and delinquent assessments will not be certified to the Land Commissioners.